**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DOUG WEIHNACHT individually and dba SCHEMATIC MEDIA,<br><br>    Plaintiff,<br><br>  v.<br><br>WESTED, a Joint Powers Agency, and DOES 1through 10,<br><br>    Defendant. | Case No. 14-cv-01564-BLF<br><br>**ORDER**<br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND**<br>**(2) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Re: ECF 15, 16] |

**I.   INTRODUCTION**

Plaintiff Doug Weihnacht, individually and dba Schematic Media ("Plaintiff"), brings the above-captioned action against Defendant WestEd ("Defendant"), alleging that Defendant has infringed, and continues to infringe, Plaintiff's copyrighted intellectual property in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and seeking declaratory judgment to establish co-ownership of "jointly developed intellectual property pursuant to [a contractual] agreement" with Defendant.  (First Am. Compl. ("FAC"), ECF 13 ¶ 1)

Defendant moves to dismiss the operative FAC under two theories.  Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, asserting that Plaintiff cannot pursue the copyright infringement claim because he has not registered the alleged copyrighted intellectual property with the United States Copyright Office, and second, under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim because Plaintiff lacks standing to seek declaratory relief due to the fact that he is not the real party in interest to the contract at issue.  Separately, Plaintiff moves for leave to file a Second Amended Complaint ("SAC").

For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss

pursuant to Rule 12(b)(1) and 12(b)(6) with leave to amend so as to permit Plaintiff to allege a claim in quasi-contract as discussed by Plaintiff at the July 24, 2014 hearing on the Motion. The Court also GRANTS IN PART Plaintiff's Motion for Leave to File a Second Amended Complaint ("Mot. for Leave") as to proposed amended Count I for Copyright Infringement. As to the proposed amended Count II, the Motion is DENIED.

## II.   BACKGROUND

Plaintiff filed the FAC in the name of "Doug Weihnacht individually and dba Schematic Media." (*See* FAC) Plaintiff alleges that on or about April 1, 2011, Doug Weihnacht, as the authorized signatory of "Schematic Media, Inc." entered into a subcontract with Defendant. (FAC ¶ 2, Exh. A)  Under the terms of the subcontract, Plaintiff was to jointly develop a federally funded educational project, entitled "Voyage to Galapagos," with Defendant and Carnegie Mellon University. (*Id.* ¶ 13)  Plaintiff alleges that his pre-existing copyrighted intellectual property, including various designs and graphics, were used in order to help develop the program under the subcontract. (*Id.* ¶ 18)  The subcontract provides that "[a]ll pre-existing Subcontractor Intellectual Property . . . used in the performance by Subcontractor of its obligations under the Subcontract shall remain Subcontractor's property." (*Id.* ¶ 15)  Plaintiff also alleges that he is entitled to the right to access and use the intellectual property jointly created with Defendant and Carnegie Mellon University.  (*Id.* ¶ 2)  Under the subcontract, the joint intellectual property created by the "Subcontractor together with WestEd and Carnegie Mellon . . . shall reside jointly, but not severally" with the three parties.  (*Id.* ¶ 16)

Defendant "terminated the Subcontract prior to the end of the term," and Plaintiff alleges that Defendant "has continued to use the Subcontractor Intellectual Property in violation of the terms of the Subcontract . . . and has prohibited Plaintiff from accessing and using the Joint Intellectual Property" in violation of the subcontract.  (*Id.* ¶ 20)

On April 4, 2014, Plaintiff filed an initial Complaint alleging copyright infringement and seeking declaratory judgment. (Compl., ECF 1)  Plaintiff thereafter filed the operative FAC on May 5, 2014, stating "that Plaintiff (i) is a co-owner of certain intellectual property jointly developed by Plaintiff, Defendant WestEd and Carnegie Mellon University and (ii) has a right to

2

1  access and use this jointly developed intellectual property pursuant to an agreement between its
2  co-owners." (FAC ¶ 1)  On June 9, 2014, Defendant filed a Motion to Dismiss the FAC under
3  both Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a
4  claim upon which relief can be granted.  (Mot. to Dismiss, ECF 15)

Before responding to the Motion to Dismiss, Plaintiff filed the Motion for Leave on June 19, 2014.  (ECF 16)  Thereafter, on June 23, 2014, Plaintiff filed an Opposition to Defendant's Motion to Dismiss.  (ECF 21)  On June 30, 2014, Defendant timely replied.  (ECF 23)

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

On a motion to dismiss pursuant to Rule 12(b)(1), the burden is on the plaintiff to establish subject-matter jurisdiction.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A jurisdictional challenge may be either facial or factual.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial challenge asserts that the factual allegations in a complaint, even if assumed true, "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  By contrast, "a factual attack . . . disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  The Court need not presume the truthfulness of the plaintiff's allegations.  *See, e.g.*, *White*, 227 F.3d 1214, 1242.  Once the factual basis for jurisdiction is challenged, the plaintiff bears the burden of coming forward with "competent proof" to support his allegations of jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

#### B. Requests for Judicial Notice

The Court has been presented with two Requests for Judicial Notice, the first by Defendant and the second by Plaintiff.  Defendant asks the Court to take judicial notice of three print-outs of web pages describing various federal research grants awarded to fund the "Voyage of Galapagos" project, which Plaintiff helped to develop under the subcontract.  (Def.'s Req. for Judicial Not. ("Def.'s RJN"), ECF 15-1)  Exhibit 1 is "from the Institute of Education Sciences' website" describing "a [federal] research grant awarded to [Defendant]."  (Def.'s RJN at 2; *see* ECF 15-1 Exh. 1)  Exhibit 2 is "from the National Science Foundation's website" summarizing another

federal research grant funding the "Voyage to Galapagos" project in 1997.  (Def.'s RJN at 2; *see* ECF 15-1 Exh. 2)  Finally, Exhibit 3 is "from the National Science Foundation's website" summarizing yet another federal research grant funding a related project in 2001.  (Def.'s RJN at 3; *see* ECF 15-1 Exh. 3)

Plaintiff requests that the Court take judicial notice of the Proposed Second Amended Complaint.  (Pl.'s RJN, ECF 22)

A court "may judicially notice a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Thus, matters presented to the Court, but not contained in the pleadings, may be noticed on a motion to dismiss when they are "generally known within the trial court's territorial jurisdiction[] or [] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*; *see MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Courts have judicially noticed undisputed information available on a government agency website.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (judicially noticing information on web sites because "it was made publicly available by government entities . . . and neither party dispute[d] the authenticity of the web sites or the accuracy of the information displayed therein"); *Gustavson v. Mars, Inc.*, No. 13-CV-04537, 2014 WL 2604774, at *3 n.1 (N.D. Cal. June 10, 2014) (judicially noticing certain documents that were "readily available on a government agency website").

Plaintiff did not oppose Defendant's Request for Judicial Notice.  Therefore, Plaintiff is not deemed to dispute the authenticity of any of the exhibits and the Court will take judicial notice of them.  Further, the Court takes judicial notice that Plaintiff has presented the Court with a Proposed Second Amended Complaint, pursuant to Federal Rule of Evidence 201(b).

### VI.   DISCUSSION

#### A.  Count I: Copyright Infringement

Defendant  moves to dismiss Plaintiff's copyright infringement claim on the ground that Plaintiff cannot state a claim under the Copyright Act  without a registered copyright or an application for registration for a copyright, neither of which Plaintiff alleged in the FAC.  *See* 17 U.S.C. § 411(a); *Funky Films, Inc. v. Time Warner Entm't Co., L.P*. 462 F.3d 1072, 1076 (9th Cir.

2006); *see also* Craven Decl. ¶ 4. Plaintiff responds that his failure to register the copyright is not jurisdictional, relying on the Supreme Court's decision in *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 (2014). Plaintiff goes on to state that he has cured this deficiency in his proposed SAC. (Opp. to Mot. to Dismiss at 3) Based upon Plaintiff's Motion for Leave, Defendant concedes that this issue is no longer properly resolved at this stage of the proceedings, (*see* Reply, ECF 23 at 1), and Defendant has thus abandoned this portion of its Motion because Plaintiff has since filed a registration application with the Copyright Office, which is the missing prerequisite to bringing a copyright infringement action. *See* 17 U.S.C. § 411(a).

The Court finds that Defendant's arguments in its Motion to Dismiss are persuasive and agrees that the proposed amendment to the first claim appears sufficient to comply with the basic pleading requirements of the claim.

Therefore, the Court GRANTS Defendant's Motion to Dismiss the copyright infringement claim and GRANTS Plaintiff's Motion for Leave to File the SAC as to Count I as outlined by Plaintiff in his Proposed Second Amended Complaint. (Mot. for Leave, ECF 16)

**B. Count II: Declaratory Judgment**

Defendant moves to dismiss Plaintiff's claim for declaratory relief by advancing a factual challenge to the Court's jurisdiction on the premise that Plaintiff is not the "real party in interest" to the controversy. (Mot. to Dismiss, ECF 15 at 6) Defendant argues that the contract clearly shows that "Schematic Media, Inc. was the contracting party and that entity is non-existent. (*See* Craven Decl. ¶¶ 2, 3) Plaintiff alleges that he signed the subcontract individually, emphasizing that he used his personal Social Security Number where the subcontract stated to enter "the contracting party's 'SSN/EIN.'" (Opp. to Mot. to Dismiss, ECF 21 at 5-6)

Contrary to Plaintiff's argument, the subcontract, which is attached to the FAC as Exhibit A,[1] shows that the contracting party is "Schematic Media, Inc." (FAC Exh. A) Plaintiff signed the subcontract as the owner and authorized signatory of that entity. (Opp. to Mot. to Dismiss at 6; *see also* FAC, Exh. A).

---

[1] Written instruments attached to a pleading are considered "part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

1    It appears undisputed that there is no entity named "Schematic Media, Inc." (*See* Craven
2    Decl. ¶¶ 2, 3)  Plaintiff does not argue otherwise. Thus, Plaintiff is not the real party in interest to
3    the contract, and lacks the ability to maintain this claim. *See* Fed. R. Civ. P. 17(a); *see also*
4    *Lindsey v. Starwood Hotels & Restaurants Worldwide, Inc.*, 409 Fed. App'x 77, 78 (9th Cir. 2010)
5    (finding that an individual attempting to bring an action for breach of contract in his individual
6    capacity, but who signed the contract in his capacity as "Director" of one of the parties to the
7    contract, "could not assert contractual claims" as an individual).

8    As a further bar to this claim, there is no evidence that Mr. Weihnacht has ever registered a
9    fictitious business name for "Schematic Media, Inc." (*See* Craven Decl. ¶ 3)  A party may not
10   maintain an action on a contract where he used a fictitious business name *until* that fictitious
11   business name has been registered pursuant to the requirements of the California Business and
12   Professions Code. *See* Cal. Bus. & Prof. Code § 17918.  Therefore, Plaintiff must register his
13   fictitious business name before he can bring suit on a contract entered into by "Schematic Media,
14   Inc." *See, e.g.*, *Lovesy v. Armed Forces Benefit Ass'n*, No. C 07-2745 SBA, 2008 WL 4856144, at
15   *10-11 (2008) (granting the plaintiff leave to amend in order to file a fictitious business name
16   statement and "include the requisite allegations of compliance with § 17918").

17   There is, however, a significant problem with Plaintiff's choice of appending "Inc." to the
18   name "Schematic Media."  It appears that Plaintiff intended for Schematic Media, Inc. to simply
19   act as a fictitious business name. (*See* Opp. to Mot. to Dismiss at 6)  It is not a registered business
20   entity, nor is Plaintiff organized as a corporation pursuant to the laws of California, or any other
21   jurisdiction. (*See* Mot. to Dismiss at 2)  Thus, appending "Inc." to the fictitious business name
22   runs afoul of § 17910.5 of the California Business and Professional Code, which states that "[n]o
23   person shall adopt any fictitious business name which includes 'Corporation,' 'Corp.,'
24   'Incorporated,' *or 'Inc.' unless that person is a corporation* organized pursuant to the laws of the
25   state or some other jurisdiction." Cal. Bus. & Prof. Code § 17910.5 (emphasis added).  Therefore,
26   even if Plaintiff were granted leave to amend in order to file a fictitious business name statement,
27   he would be unable to register a fictitious business name that would match the name of the
28   contracting party because, under the statute, Plaintiff is prohibited from using "Inc." in the name

6

of any fictitious business entity. *See id.*; *see also Opp v. St. Paul Fire & Marine Ins. Co.*, 154 Cal. App. 4th 71, 75-76 (2007).

Defendant's Motion to Dismiss for lack of subject-matter jurisdiction of Plaintiff's claim for declaratory judgment is therefore GRANTED WITH PREJUDICE. The Court further DENIES Plaintiff's Motion for Leave in regard to the second claim, for the reasons stated above. Although Rule 15(a) permits a court to allow amendment when "justice so requires," the Ninth Circuit also recognizes that it should not be granted when amendment would be futile. Fed. R. Civ. P. 15(a)(2); *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

At the hearing, Plaintiff indicated that he would be able to amend the FAC to allege a quasi-contract claim. The Court will grant that motion for leave to file such a new claim. At the hearing, Defendant did not object to Plaintiff's request.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court GRANTS Defendant's Motion to Dismiss with respect to Count I with leave to amend consistent with the Proposed Second Amended Complaint.

2. The Court GRANTS Defendant's Motion to Dismiss with respect to Count II, without leave to amend. Plaintiff is allowed to add causes of action to the Second Amended Complaint in order to state a claim arising in quasi-contract, as articulated by Plaintiff at the July 24, 2014 oral argument.

3. The Court GRANTS Plaintiff's Motion for Leave to File the SAC as to Count I, and DENIES the Motion for Leave as to Count II.

**IT IS SO ORDERED.**

Dated: August 1, 2014

BETH LABSON FREEMAN
United States District Judge