UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUG WEIHNACHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WESTED,<br><br>　　　　Defendant. | Case No.  14-cv-01564-BLF<br><br>**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>[Re:  ECF 39] |

　　　　This case involves dispute over copyright. In 2011, Defendant WestEd and an entity called Schematic Media, Inc. ("SMI") entered into a subcontract. Plaintiff signed this subcontract as the owner of SMI. Plaintiff now contends that the contract fails to reflect the true intent of the parties, because the parties intended that Plaintiff individually, rather than SMI, would offer performance as the subcontractor. *See* Second Amended Complaint ("SAC") ¶ 17. Plaintiff therefore seeks to reform the contract to reflect this true intent.

　　　　Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant seeks to dismiss Plaintiff's second and third causes of action for reformation because Plaintiff lacks standing to bring a claim for reformation of the subcontract. Relying on a California Supreme Court case from 1900, *Mabb v. Merriman*, Defendant argues that the Court cannot reform the contract in the manner Plaintiff seeks because the Court "can neither add additional parties nor substitute other parties for those already appearing upon the face of the writing." *Mabb*, 129 Cal. 663, 664 (1900). Plaintiff opposes, contending that when the writing fails to reflect the true intent of the parties, even when that failure includes a mistake as to the names of the parties to the agreement, the Court has the equitable power to reform the agreement.

　　　　The parties appeared for oral argument on January 29, 2015. Having reviewed the briefing

and oral argument of the parties, the Court agrees with Plaintiff, and DENIES Defendant's motion, for the reasons set forth below.

## I.     BACKGROUND

Plaintiff holds copyright on a work entitled *Voyage to Galapagos*. In August 2014, Plaintiff registered a fictitious business entity called Schematic Media, with the date of commencement of that business listed as January 1, 2011. SAC ¶ 4.

In June 2011, WestEd entered into a subcontract with SMI.[1] Plaintiff signed this subcontract as the owner of SMI. *See* SAC Exh. A at 1. The subcontract provided that the subcontractor's pre-existing intellectual property rights would remain the property of the subcontractor alone, and that the subcontractor would "have access to and the right to use all of the jointly developed intellectual property" arising from the venture. SAC ¶ 2.

Plaintiff contends that the subcontract fails to reflect the true intent of the contracting parties. SAC ¶ 13. He alleges that prior to the execution of the subcontract he informed Michael Timms, WestEd's Project Director and the "person responsible for making payments to the subcontractor," SAC ¶ 15, that SMI did not exist and that he could not execute the subcontract as SMI. SAC ¶ 17. After informing Timms of these facts, Timms nonetheless instructed Plaintiff to execute the contract as written. *See id.*; *see also* SAC ¶ 47 ("In reliance on Timm's (sic) false representations, Plaintiff was deceived and misled into signing a written agreement that differed materially from the understanding of the parties."). Thereafter, WestEd made payments under the subcontract to Plaintiff individually. SAC ¶ 18.

Plaintiff therefore alleges that, unless the subcontract is reformed to reflect the true intent of the parties, he will suffer substantial prejudice, SAC ¶ 19, and seeks reformation of the contract under the theories of unilateral mistake, SAC ¶¶ 39-45, and misrepresentation. SAC ¶¶ 47-48.

---

[1] The Court has previously held that "there is no entity named Schematic Media, Inc.," and that California law precludes a person from registering a fictitious business name that includes the term "Inc." *See* Dismissal Order, ECF 30 at 6 (citing Cal. Bus. & Prof. Code § 17910.5 ("No person shall adopt any fictitious business name which includes . . . 'Inc.' unless that person is a corporation organized pursuant to the laws of this state or some other jurisdiction.")).

2

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(1), a plaintiff must have the "irreducible constitutional minimum of standing" in order to bring suit, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), which means that the plaintiff "must have suffered or be imminently threatened with a concrete and particularized injury in fact that is fairly traceable to the challenged action." *Id.* Under California law, only an aggrieved party may bring a claim for reformation of a contract:

> When, through fraud of mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party so aggrieved, so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons, in good faith and for value.

Cal. Civ. Code § 3399.

## III. DISCUSSION

Defendant makes two arguments in support of its motion. First, it argues that Plaintiff, as an unnamed party to the contract, cannot bring suit to reform the contract. Defendant argues that this would amount to the Court making a new contract, and runs counter to the California Supreme Court's holding in *Mabb*. Second, it argues that Plaintiff has not sufficiently pled that the contract can be reformed without prejudice to third parties to the contract. *See* Mot. at 8-9. Though Plaintiff fails to engage with Defendant's argument regarding the *Mabb* case – he fails, in fact, to cite *Mabb* at all in his opposition to the motion – he contends that Section 3399 does what it says, and permits a court to reform a contract to express the true intent of the contracting parties.

Ultimately, a review of *Mabb* and *Morning Star Packing Co. v. Crown Cork and Seal Co.*, 303 Fed. App'x 399 (9th Cir. 2008), a case which held that "the [*Mabb*] holding is both clear and applicable," *id.* at 401, shows why *Mabb* does not apply in this case to prevent Plaintiff from bringing a case for reformation of the contract.

In *Mabb*, J.W. Mabb entered into a verbal agreement with defendant Merriman to exchange real property. The contract as drawn up, however, stated that J.J. Mabb, J.W.'s husband, was one of the two contracting parties. J.J. Mabb signed the contract. J.W. Mabb then brought suit to reform the contract to have her name inserted into the agreement instead of J.J. The California

3

1   Supreme Court ruled against her, stating that "J.W. Mabb is not a party to the contract, and a court
2   of equity can neither add additional parties nor substitute other parties for those already appearing
3   on the face of the writing." *Mabb*, 129 Cal. at 664.

4       This case is materially distinct from *Mabb* in one important respect: here, there is no other
5   *existing* party to the contract. As this Court has already held, and as both parties do not dispute,
6   SMI does not exist. *See* Dismissal Order at 6; *see also* Mot. at 4-5 ("Plaintiff has also admitted
7   that [] he did not form or incorporate SMI."). The plaintiff in *Mabb* sought reformation to swap
8   herself for the actual contracting party. The same can be said for the plaintiff in *Morning Star*, the
9   Ninth Circuit case relied on by Defendant, in which a third-party to an agreement sought to "have
10  itself substituted for Morning Star, *the actual party to the contract*." 303 Fed. App'x at 401
11  (emphasis added).

12      Plaintiff here, by contrast, alleges that he informed WestEd that SMI did not exist and that
13  WestEd nonetheless told him to sign the contract anyway. *See, e.g.*, SAC ¶ 17. Plaintiff is
14  therefore not seeking to swap his name as a contracting party for SMI, rather, as pled in the SAC,
15  he is seeking to reform the contract so that the intent of the parties – for WestEd and Plaintiff
16  himself to enter into an subcontract with one another – is reflected by the writing. Plaintiff may
17  not ultimately be able to prove such a claim,[2] but he is not precluded by Section 3399 from
18  seeking such a reformation under these circumstances. *See, e.g.*, *Jones v. First Am. Title Ins. Co.*,
19  107 Cal. App. 4th 381, 389 (2003) (holding that "the essential purpose of reformation is to reflect
20  the intent of the parties," and permitting reformation of a document as was "necessary to
21  effectuate the agreements" between the parties when said document was deficient).

22      Defendant's second argument, the Plaintiff has not pled that reformation can be completed
23  without harming the rights of third parties, is unavailing. Defendant merely asserts that "third
24  party rights are central to Plaintiff's claim." Mot. at 8. Defendant argues that the subcontract is
25  funded by the federal government, is subject to various governmental regulations, and that the

---

[2] "In order to reform a written instrument, the party seeking relief must prove the true intent [of the parties] by clear and convincing evidence." *Shupe v. Nelson*, 254 Cal. App. 2d 693, 700 (1967).

rights the subcontractor can seek to assert include rights to intellectual property developed between the subcontractor, WestEd, and Carnegie Mellon University. *See* Mot. at 9-10. Such a question of whether reformation would cause actual harm to the rights of third parties, however, is more appropriately decided at summary judgment or trial. Mere assertion by Defendant that third party rights *could* be affected by reformation of the contract cannot, by itself, serve to defeat a Plaintiff's claim for reformation at the pleadings stage. *Cf., e.g.*, *Lemonge Elec. v. San Mateo Cnty.*, 46 Cal. 2d 659, 666 (1956) (discussing the pleading requirements for a cause of action for reformation under Section 3399 as including only a requirement that the plaintiff plead facts regarding the parties' mistake and actual intention).

## IV. ORDER

For the foregoing reasons, Defendant's partial motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: January 30, 2015

_____
BETH LABSON FREEMAN
United States District Judge